| ¡MURRAY, J.,
concurring for additional reasons.
According to the allegations of the pleadings, the parties entered into two contracts in March 1994: Tanwar purchased the equipment, assets and goodwill of a going concern, and it subleased the premises on which that business was being *650 operated. However, it was eventually discovered that defects in the leased premises prevented Tanwar’s continued operation of the business, resulting in the abandonment of the store in February 1995.
In early May 1995, Shopeze filed this suit to cancel the sublease and for damages. Tanwar answered on June 29, 1995, and also asserted its claim to rescind the purchase of the business because, had it known of the purported defects in the leased premises, it would not have executed either contract.[1] Thus, because Tan-war’s incidental demand was filed within ninety days of the main demand, the exception of prescription must be overruled unless Shopeze established that Tanwar “discovered” its cause of action for rescission more than one year before Shopeze filed its petition in May 1995. La. Code Civ. Proc. art. 1067. As I agree with the majority’s conclusion that the pleadings and evidence do not establish that Tanwar had actual or constructive notice of its claim prior to June 1994, I concur in the reversal of the dismissal based upon prescription.

. While the litigants refer to "redhibitory defects in the premises,” the pleadings make clear that there was no sale of the premises, but only of the business and its assets.